*Memorandum.* PREBLE J. by reason of continued indisposition did not attend at this nor any of the succeeding terms on the spring circuit.

## BLANCHARD vs. BUCKNAM & AL.

Where a vessel was chartered " for a voyage to be made from *Portland* to sea, " and take a cargo from on board the British brig *Fountain*, and proceed with the " same to one or more ports in the *West Indies*, and from thence to *Portland*," this was holden to be one entire voyage.

But seamen's wages in such case are due at the port of destination in the *West Indies*, though the payment of the charter-money was expressly made to depend on the safe arrival of the vessel in *Portland*, to which place she never returned, being lost while lying at her outward port.

COVENANT on a charter party, by which the defendants hired the plaintiff's brig *Paymaster*, " for a voyage to be made from " *Portland* to sea, and take a cargo from on board the British brig " *Fountain*, and proceed with the same to one or more ports in " the West Indies, and from thence to *Portland*, where she is to " be discharged, the dangers of the seas excepted." The plaintiff covenanted to victual and man the vessel, for which the defendants " agreed to pay two hundred and twenty-six dollars per month." The defendants covenanted to pay " for the freight " or hire of the said brig and appurtenances, the sum of two hun- " dred and twenty-four dollars per calendar month, and so in " proportion for a less time, as the said brig shall be continued in " the aforesaid service, in thirty days after her return to *Portland*."

The defendant, after oyer, pleaded—1st. That the brig never returned to *Portland* ;—to which the plaintiff replied that she arrived at *St. Bartholomews* and earned freight ;—and the defendant rejoined, traversing the earning of freight, on which issue was taken.—2d. As to the covenant for victualling and manning,—that the voyage was one entire voyage, to take a cargo at sea, proceed with it to the West Indies, clear it for exportation, and return with it to *Portland* ; and the money was not payable till thirty days after her arrival at *Portland*, which event had never happened ;—and the covenant of the plaintiff, being a condition precedent, the defendants ought not to be bound till the plaintiff had performed ;—to which the plaintiff replied generally that he had performed his covenants, on which issue was joined.—3d. As to the covenant for payment of the charter money,—that the brig never returned to *Portland*, but was totally lost at *St. Bartholomews* by perils of the sea ;—to which the plaintiff demurred specially.—The 4th plea, as to the covenant to victual and man, was an issue to the country upon the discharge of the outward bound cargo at *St. Bartholomews* ;—and the 5th plea was a similar issue as to the covenant for payment of the charter money.

At the trial of these issues it appeared that the brig proceeded to sea, took a cargo of West India produce from the British brig *Fountain*, thence proceeded to *St. Bartholomews*, where the cargo was entered at the custom house, and was all landed except a few hogsheads of molasses, and several hogsheads of sugar which were shattered and unfit to be removed ;—that the same cargo was then reshipped and cleared for exportation, and the vessel nearly ready for sea, when a gale came on, in which the vessel and cargo were totally lost. Hereupon the Judge directed a verdict *pro forma* for the plaintiff, for the amount of the money stipulated per month for freight, and also for victualling and manning, up to the time of the loss, with interest from the date of the writ ;—which was to be amended, and judgment to be entered, conformably to the opinion of the whole Court.

*Orr* and *Greenleaf*, for the plaintiff, contended—1st. That the voyage was not one, but two, outward and homeward ; and that the outward voyage being complete by breaking bulk at *St. Bartholomews*, this entitled the seamen to wages, and consequently

perfected the right of the owners to freight. *Lock v. Swan* 13 *Mass.* 76. *Swift v. Clark* 15. *Masss.* 173. *Mackerell v. Simonds & Hankey, Abbot* 362. [317.]—2d. That the covenant for victualling and manning is independent of the covenant for freight ; and that on this ground, at least, the plaintiffs were entitled to recover. *Havelock v. Geddes* 10 *East*, 555.

*Emery,* for the defendants, maintained the following positions :— 1st. If the plaintiff can maintain any action, it can only be for the victualling, and the month's advance paid to the seamen. *Coffin v. Storer* 5 *Mass.* 252. *Kimball v. Tucker* 10 *Mass.* 192.—2d. But the whole is one entire covenant, and the performance of the whole voyage is a condition precedent to the plaintiff's right to recover any thing. *Smith v. Wilson* 8 *East* 437. *Gibbon v. Mender* 2 *Barn. & Ald.* 17. *Brown v. Hunt* 11 *Mass.* 45. 15 *Johns.* 332. *Burrill v. Cleman* 17 *Johns.* 72. 3 *Johns.* 154. 10 *East* 378. *Bright v. Cooper.* 1 *Brownl.* 21. *Cook v. Jennings* 7 *D. & E.* 381. ' *Osgood v. Groning* 2 *Camp.* 466. *Post v. Robertson* 1 *Johns.* 24. *Liddard v. Lopez* 10 *East* 526.— 3. The plaintiff has put his whole case upon the fact that the vessel discharged her outward cargo, which is contradicted by the evidence. 1 *Peters' adm.* 86, 154, 253. *Laws of Wisbuy, art.* 54, 56. *Stat. U. S. July* 20, 1790, *sec.* 6.

WESTON J. delivered the opinion of the Court.

This is an action of covenant broken on a charter party, brought to recover the money covenanted to be paid, for the victualling and manning and for the freight of the brig *Paymaster.* To this the defendants have pleaded five several pleas. Upon the fourth and fifth pleas, issue has been joined by the plaintiff. To the first plea, the plaintiff has replied, and the defendants, in their rejoinder thereto, have traversed the matter alleged in the replication ; and upon this traverse, issue has been joined. The plaintiff, in his replication to the second plea, has also tendered an issue, which has been joined by the defendants. To the third plea the plaintiff has demurred specially ; and the defendants have joined in demurrer. Upon the issues to the country, a verdict has been returned for the plaintiff, subject to the opinion of the Court.

If any one of the issues may not appear to be supported by the evidence on the part of the plaintiff, the verdict will not be set aside for that cause, but sustained as it stands, or as it may be amended, if upon the merits the plaintiff ought to recover ; as. upon examination we do not perceive that any issue could have been found for the defendants, which would have been decisive of the case, so as to entitle them to judgment.

As to the freight, stipulated to be paid by the charter party, we are satisfied, from the authorities cited, and others which might be adduced, that none is due ; that the whole voyage is.to be regarded as one, and not susceptible, according to the terms of the contract, of the division into two, outward and homeward, contended for by the plaintiff.

To the claim for victualling and manning, it is urged that the return of the vessel to *Portland* is made a condition precedent to its payment ; and that it was not to be paid until thirty days after such return—But, upon inspecting the charter party, the agreement to pay a certain sum monthly for the victualling and manning appears to be a distinct and independent stipulation on the part of the defendants, and is not, from its terms, or upon a fair construction of the whole instrument, made to depend upon the prosperous termination of the voyage. There seems, therefore, to be no well founded objection to the plaintiff's right to recover for the victualling.

With regard to the manning, it is insisted that the plaintiff's claim, if he is entitled to any thing, should be limited to one month's advance to the seamen ; inasmuch as their right to wages is made by the marine law to depend upon the earning of freight ; and as in the present case none was earned. By the charter party, as between the owners and the defendants, the right of the plaintiff to demand freight depended upon the completion of the voyage. But the right of the seamen to their wages is not affected by this condition, unless they have assented to it, by express stipulation. *Abbot*, 431. 1 *Peters adm.* 186, there referring to the decisions of Judge *Winchester*. In *Coffin v. Storer*, 5 *Mass.* 552, cited by the counsel for the defendants, the voyage to *Surinam* and a market and back to *Biddeford*, was held to be one voyage ; and, as it was not completed, it was further held that

no hire of the vessel was recoverable by force of the charter party. But by the same instrument, the defendant was to pay a quarter of the outfits, wages, and expenses. And *Parsons, C. J.* says, " it seems very clear that he must pay one fourth of the " outfits and expenses, and also of the wages, until the outward " cargo was landed at *Demarara.*"

By the custom of merchants, seamen's wages become due at every delivering port ; although by a law of the United States, only a third part of what may be due at each delivering port is there to be paid, unless it has been otherwise expressly stipulated ; the payment of the residue being, from motives of public policy, postponed until the voyage is ended. In the case before us, is *St. Bartholomews* to be regarded as a delivering port, so as to entitle the seamen to wages, within the true intent and meaning of the marine laws ? In certain cases, says Judge *Peters,* in reference to seamen's wages, in the case of *Giles* and others, mariners *vs.* the brig *Cynthia,* 1 *Peters adm.* 203, a port of destination " is the same as a port of actual delivery ; and it matters " not," he adds, " that the vessel did not carry thither any goods, " but went in ballast. She earns her freight and the wages are " due out of it, as much in legal contemplation, as if she had been " fully laden." And in his opinion, the same rule applies, where a vessel is sent to a designated port for a cargo, and, being unable to procure one, returns without any.

In the present case, every thing appears to have been done at *St. Bartholomews,* which the defendants contemplated, or the master, acting in pursuance of their instructions, deemed necessary. A part of the cargo was actually landed and re-shipped, and the whole was entered and cleared at the custom house in that island, and the duties thereon paid. The defendants probably proposed to themselves some benefit or advantage, from this course of proceeding. They thought proper to direct the outward cargo to be returned, giving it the form of an original shipment there ; and there seems to be no ground in reason or justice why, as to the seamen, that port should not be regarded as a delivering port, so as to entitle them to their wages, as in other cases. They faithfully performed their duty ; the vessel arrived at the port of destination in safety ; and every thing was there done

in relation to the cargo, which was required by the defendants or the master. We are therefore of opinion that the plaintiff is entitled to recover for the victualling and manning, from the date of the charter party to the arrival of the brig in *St. Bartholomews*, and for half the time she remained there ; with interest thereon from the date of the writ.

With regard to the demurrer and joinder to the third plea, if that was intended to apply to the whole declaration, it would be clearly bad ; as it leaves one of the breaches unanswered. But it professes only to answer the breach assigned, for the nonpayment of freight. As we have determined that the plaintiff's claim for freight is unsupported by the evidence, it has become unnecessary to consider the effect of the exceptions taken to this plea.

After the verdict has been amended, in conformity with this opinion, judgment is to be rendered thereon.